# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSHUA NICHOLS and NADINE NICHOLS,  )
                        Plaintiffs,       )    Case No. 2:16-cv-01611-GMN-GWF

vs.         )    **ORDER AND REPORT AND RECOMMENDATION**

CITY OF HENDERSON, *et al.*,       )    Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1)
                        Defendants.       )

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on July 8, 2016.

## BACKGROUND

Plaintiff bring this action pursuant to 42 U.S.C. § 1983 alleging that several unknown officers with the Henderson Police Department used excessive force against him in violation of the Fourth Amendment. Plaintiff alleges that on or about July 16, 2014, while retrieving water bottles from his car, officers with the Henderson Police Department apprehended Plaintiff by first tasing him and then by dragging his unconscious body across the ground. Plaintiff alleges that he was seriously injured as a result of the officers' use of excessive force while they arrested him. In addition, Plaintiff asserts that his wife car was illegally searched during this time.

## DISCUSSION

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Instant Complaint

#### A. Municipal Entity Liability Under § 1983

Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. Plaintiff has not alleged that the City of Henderson and the Henderson Police Department have a custom, policy, pattern or practice that caused the injuries he alleges. He only states that the "Henderson City Police Officer without Proper Supervision and Training Deliberately, Intentionally, Willfully/Without [sic] Malice Aforethought Failed to Intervene/And Stop Other Officers From Using Excessive Force Upon Plaintiff." He does not specifically state a custom, policy, pattern or practice and Plaintiff's extensive recitation of the case law surrounding municipal liability does not cure this fact.[1] Therefore, the City of Henderson and the Henderson Police Department shall be dismissed without prejudice as named Defendants in this action, subject to leave to amend.

---

[1] Plaintiff's complaint is 32 single-spaced handwritten pages that largely consist of case law. This generally does not comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint state a short and plain statement of the facts. However, rather than dismissing Plaintiff's complaint solely on that basis and for the sake of judicial efficiency, the Court addressed all other deficiencies so that Plaintiff's amended complaint may be complete.

**B.     Municipal Employee Liability Under § 1983 - Official Capacity**

To succeed on a *Monell* official-capacity action against a municipality's employee (*e.g.*, a police officer), a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of federal law. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). As discussed above, Plaintiff has not demonstrated that a policy or custom contributed to the alleged violation of his constitutional right under the Fourth Amendment. Therefore, Plaintiff's claims against the Defendant Officers and Police Chief Patrick E. Moers, in their official capacity, shall be dismissed without prejudice, subject to leave to amend.

**C.     Municipal Employee Liability Under § 1983 - Individual Capacity**

In order for a plaintiff to establish personal liability in a 1983 action, it is enough to show that the municipal employee, acting under color of state law, caused the constitutional violation. *Id.*; *see, e.g., Monroe v. Pape,* 365 U.S. 167 (1961). Plaintiff alleges that various Defendant Officers violated his Fourth Amendment right to be free from unreasonable seizures.

**i.     Fourth Amendment Violation**

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST., AMEND. IV. Use of excessive force during the apprehension of a criminal suspect may violate the Fourth Amendment's proscription on unreasonable searches and seizures. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). The court must determine whether the force is objectively unreasonable under the circumstances. *Id.* at 388. As the Ninth Circuit has explained, when considering an excessive force claim under the *Graham* framework, courts "first consider[ ] the nature and quality of the alleged intrusion; ... then consider the governmental interests at stake by looking at (1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.2011) (citing *Deorle v. Rutherford*, 272 F.3d 1272, 1279–80 (9th Cir.2001)). These factors are not exclusive, and courts are to "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case,'...." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir.2010) (quoting *Franklin v.*

*Foxworth*, 31 F.3d 873, 876 (9th Cir.1994)). Of the three preliminary factors, the threat to officers and other persons is most important. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir.2005).

Here, Plaintiff asserts that his Fourth Amendment right to be free from unreasonable seizures was violated by Defendant Officers on or about July 16, 2014. These police officers allegedly used excessive force when executing an arrest warrant issued against Plaintiff for his failure to appear at a court date. Plaintiff represents that he was not threatening to flee and did not pose a risk of danger to the officers. The Court, taking all allegations as true, finds that Plaintiff has sufficiently plead a violation of his Fourth Amendment right against Defendants Officers, in their individual capacity. Therefore, the Court will allow Plaintiff's Fourth Amendment Claim against the Defendant Officers, in their individual capacity, to proceed. However, the Court finds that Plaintiff failed to state a claim against Police Chief Patrick E. Moers, in his individual capacity, because Plaintiff does not allege that Defendant Moers was present during the allegedly unconstitutional seizure. The Court cannot say with certainty, however, that Plaintiff could never state a claim against Defendant Moers in his individual capacity. So, the Court will allow leave to amend.

### D. "Doe" Defendants

As a general rule, pleading fictitious or doe defendants is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir.1988). This is because "[t]here is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir.1970); *see also McMillan v. Department of the Interior*, 907 F.Supp. 322 (D.Nev. 1995). "If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include "Doe" parties in the pleadings." *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).

Because Plaintiff has not identified the Henderson officers involved in his allegedly improper seizure, this case cannot proceed against them at this time. Once Plaintiff is able to identify the officers involved, he may file a motion to amend the complaint to add each Defendant's name. At that time, the Court can issue summons and this case may proceed.

### E. Plaintiff's Claims Brought on Behalf of Nadine Nichols

Plaintiff's complaint states causes of action against all Defendants on behalf of his wife, Nadine Nichols. It is well settled that one person cannot bring claims vicariously on behalf of another person. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see Barrows v. Jackson*, 346 U.S. 249, 255 (1953) (stating "one may not claim standing in this Court to vindicate the constitutional rights of some third party"). Leave to amend will not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir.2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (leave to amend should be granted unless amendment would be futile)). Therefore, Plaintiff's claims asserted on behalf of his wife, Nadine Nichols, should be dismissed with prejudice.

If Plaintiff chooses to file an amended complaint, and his wife wishes to proceed with her loss of consortium claims, Plaintiff's wife must also sign the complaint. The Court notes that in Nevada, a loss of consortium claim is a derivative claim and may accrue only to the extent that the other spouse has a cause of action against the alleged tortfeasors. *See Gunlock v. New Frontier Hotel Corp.*, 370 P.2d 682, 684 n. 1 (Nev. 1962); *see also Gen. Elec. Co. v. Bush*, 498 P.2d 366, 371 (Nev. 1972), *abrogated on other grounds, Motenko v. MGM Dist., Inc.*, 921 P.2d 933 (Nev. 1996). Moreover, because loss of consortium is a state law claim for the loss of her husband's love, support, and services, it cannot be brought solely pursuant to § 1983 because the claim is not based upon a deprivation of her constitutional rights. *See Fleming v. Sharma*, 605 F. Supp. 2d 399, 409 (N.D.N.Y. 2009). Therefore, Plaintiff must establish that he has a viable claim against Defendants that Plaintiff's wife's loss of consortium claim may attach to.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant

must be sufficiently alleged.  Plaintiff is advised that litigation will not commence upon the filing of an amended complaint.  Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  Plaintiff is also advised that if he chooses to file an amended complaint, he must comply with Federal Rule of Civil Procedure 8(a)(2).  Specifically, Plaintiff's complaint must only contain a *short and plain* statement of the facts.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #89141), in the months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and $50 administrative fee) filing fees have been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **September 29, 2017** to file an amended complaint correcting the noted deficiencies as they related to the City of Henderson, the Henderson Police Department, Police Chief Patrick E. Moers and the Defendant Officers in their official capacity.

. . .

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Defendant Officers, in their individual capacity, may proceed once Plaintiff is able to properly identify them.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-1).

### **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims brought on behalf of his wife, Nadine Nichols, be **dismissed** with prejudice for lack of standing.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge